IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN ROCKWELL,

    Plaintiff,

v.                                                    No. 18-cv-0722 KG/SMV

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

    **Defendant.**

## ORDER SETTING TELEPHONIC RULE 16 SCHEDULING CONFRENCE

A Rule 16 initial scheduling conference will be held by telephone on **November 26, 2018, at 9:30 a.m.** Parties must call Judge Vidmar's "Meet Me" line at **505-348-2357** to be connected to the proceedings.[1] At the conference, counsel and any pro se parties must be prepared to discuss their JSR, all claims and defenses, initial disclosures, discovery requests and scheduling, issues relating to the disclosure, discovery, and preservation of electronically stored information, the timing of expert disclosures and reports under Rule 26(a)(2),[2] and the use of scientific evidence and whether it is anticipated that a *Daubert*[3] hearing will be needed. We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent

---

[1] The "Meet Me" line accepts no more than five incoming telephone lines at a time. Counsel shall coordinate with each other *prior to the conference* to ensure that no more than five incoming telephone lines are utilized.

[2] In preparing the JSR, counsel should be familiar with the Rule 26 requirements concerning disclosure of expert testimony for witnesses who do not provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(C). Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

[3] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993).

pursuant to 28 U.S.C. § 636(c). Parties represented by counsel need not attend. Counsel must be ready to discuss issues relating to Plaintiff's treating physicians. If there are any changes to Plaintiff's or Defendant's documents which may be used as exhibits at trial (listed on pages 5–6 of the Joint Status Report), the parties must note the changes in an amended Joint Status Report to be filed no later than **November 19, 2018**.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

| | |
|---|---|
| **Amended JSR, if necessary, filed by:** | November 19, 2018 |
| **Telephonic Rule 16 Initial Scheduling Conference:** | November 26, 2018, at 9:30 a.m. |

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**