IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUZANNE ROCKWELL,

    Plaintiff,

v.                                                 No. 18-CV-0722-KG/SMV

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## SUMMARY ORDER RESULTING FROM PRETRIAL CONFERENCE

This matter comes before the Court on the following pretrial motions and other matters:

(1) Defendant's Deposition Designations (Doc. 79), filed January 14, 2022, and Plaintiff's Objections (Doc. 94), filed January 20, 2022.

(2) Plaintiff's Deposition Designations (Doc. 90), filed January 14, 2022, and Defendant's Objections (Doc. 93), filed January 20, 2022.

(3) The Parties' Joint Proposed Pre-Trial Order (Doc. 98), filed January 21, 2022.

(4) Defendant's Motion *in Limine* regarding Plaintiff's Testimony (Doc. 83), filed January 14, 2022, and Plaintiff's Response in Opposition (Doc. 96), filed January 20, 2022.

(5) Defendant's Motion *in Limine* regarding Medical Bills (Doc. 84), filed January 14, 2022, and Plaintiff's Response in Opposition (Doc. 95), filed January 20, 2022.

(6) Plaintiff's Omnibus Motion *in Limine* (Doc. 87), filed January 14, 2022, and Defendant's Response in Opposition (Doc. 92), filed January 20, 2022.

(7) Plaintiff's Exhibit List (Doc. 85), filed January 14, 2022, and Defendant's Objections (Doc. 91), filed January 20, 2022.

1

(8) Defendant's Exhibit List (Doc. 82), filed January 14, 2022, and Plaintiff's Objections (Doc. 97), filed January 20, 2022.

On February 3, 2022, The Court held a Pretrial Conference via videoconference at which the Court provided counsel with its rulings on the motions and other filings. Present at the hearing were Plaintiff's attorneys, Jeffrey W. McElroy and Carlos Gomez Baca Jr., and Defendant's counsel, John S. Stiff.

Having considered the above motions and other filings, and the argument of counsel, the Court finds and concludes the following, for the reasons stated on the record and elaborated herein:

1. The parties filed deposition designations and objections. (Docs. 79, 90, 93, 94).

At the Pretrial Conference the parties stipulated to, and requested the Court's permission to, introduce testimony of treating physicians via video trial depositions because of the ongoing challenges of the COVID pandemic.

The Court grants that request and limits each deposition to forty-five (45) minutes per party.

The parties also requested leave to conduct live video questioning of retained, non-medical experts at trial given continued travel challenges during the COVID pandemic.

The Court grants that request. The parties shall conduct a test of all video technology at the pre-trial conference on March 3, 2022, to ensure there are no technical interruptions during trial.

Given these agreements, the parties stipulated that the previously submitted deposition designations will likely become moot. The parties agreed to consent to Judge Vidmar adjudicating any remaining deposition disputes should the need arise. The parties are ordered to

notify the Court **no later than 12:00 p.m. on Monday, February 28, 2022**, of any deposition objections in need of Judge Vidmar's ruling. Judge Vidmar may set a hearing to resolve objections on Tuesday, March 1, 2022.

    2.    Pre-Trial Order and Preliminary Instructions

The parties shall meet and confer as to which issues are contested and to which factual contentions they may stipulate. The Court orders the parties to file an amended Pre-Trial Order, particularly focusing on changes and clarifications to Sections III ("Nature of Claims and Defenses") and IV ("Factual Contentions Underlying Claims and Defenses) by **Friday, February 18, 2022.**

Similarly, the Court orders the parties to file amended Preliminary Jury Instructions— either stipulated, or if unable to reach agreement, separately— **no later than 12:00 p.m. on Monday, February 28, 2022**. The parties shall use the Court's proposed preliminary instructions as a template and particularly should address any changes to the elements of the claims and defenses.

    3.    Defendant filed a Motion *in Limine* regarding Plaintiff's Testimony and Plaintiff responded in opposition. (Docs. 83 and 96).

The Court grants in part and denies in part. Ms. Rockwell is prohibited from opining on what treatment was medically necessary or reasonable. That is the purview of expert testimony. Ms. Rockwell, however, will be permitted to testify as a lay witness about her present sense impressions about her pain and symptoms, about what type of treatment she sought and her reasons for doing so, and her perception of what injuries and symptoms were caused by the car accident. *See, e.g., Williams v. Curtis*, 2014 WL 12569376, at *3 (D.N.M. 2014) (citing *Woods*

v. *Brumlop*, 1962-NMSC-133, ¶ 8, 71 N.M. 221, 224 (1962)); *Beebe v. Todd*, 2020 WL 6342774, at *3 (D.N.M. Oct. 29, 2020).

4.  Defendant filed a Motion *in Limine* regarding Medical Bills, and Plaintiff responded in opposition. (Docs. 84 and 95).

The Court grants in part and denies in part. The total amount of medical expenses is not admissible until all evidence has been entered from the treating physicians. Plaintiff may not elicit testimony about, refer to, or testify about her total medical expenses.

The Court notes as a matter of law that a treating physician may testify as to the reasonableness and necessity of the care they personally provided. *See, e.g.*, *Rawers v. United States*, No. CIV 19-0034 JB\CG, 2020 WL 5658093, at *18 (D.N.M. Sept. 23, 2020). To the extent expenses have been entered into evidence via a treating physician and a total amount is ascertainable from the admitted evidence, counsel may aggregate the bills and reference the sum after the close of evidence.

5.  Plaintiff filed an Omnibus Motion *in Limine* and Defendant responded in opposition. (Docs. 87 and 92).

The Court takes the Motion under advisement. The parties may raise any issues pertaining to the Motion at trial as they become relevant.

6.  Plaintiff filed her exhibit list and Defendant made objections. (Docs. 85 and 91).

The Court overrules the objection to Exhibit B.

The Court admits exhibits C through S, noting the parties stipulate to their authenticity and that they are not hearsay. Defendant's objection to the exhibits' relevance to the issue of reasonable and necessary medical expenses is noted. Defendant does not waive any argument

4

about the exhibits' materiality, probativeness, or weight. Defendant may propose a limiting instruction.

The Court notes that Plaintiff stipulated on the record to withdraw Exhibit U, and that both parties further stipulated to withdraw all expert reports submitted as exhibits. The Court notes the expert reports are inadmissible hearsay.

The Court overrules Defendant's objections to Exhibits V through Z as either unripe or moot but notes Defendant may re-raise them if they become relevant.

7. Defendant filed its exhibit list and Plaintiff made objections. (Docs. 82 and 97).

The Court will keep the objections under advisement until the March 3, 2022, pre-trial conference. The Court orders the parties to file amended exhibit lists **no later than 12:00 p.m. on Monday, February 28, 2022**.

8. The parties raised the issue of expert demonstrative exhibits at the pretrial conference.

The Court stated that it will admit demonstrative exhibits such as PowerPoint Presentations with the following conditions: (1) that nothing in the demonstrative exhibit is testimonial or from the expert report; (2) that the parties exchange demonstrative exhibits; and (3) that the parties file objections to any demonstrative exhibit before the March 3, 2022, pretrial conference so that the Court may rule before trial. Demonstrative exhibits will not be submitted to the jury.

9. To consolidate from above, the Court orders the following updated deadlines:

By **Friday, February 18, 2022,** the parties shall file an amended pre-trial order addressing Sections III and IV.

No later than **12:00 p.m. on Monday, February 28, 2022**. the parties shall file (1) proposed preliminary jury instructions, (2) Defendant's proposed limiting instruction regarding medical bills, if any, (3) updated deposition designations, and (3) amended exhibit lists

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE