IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUZANNE ROCKWELL,

    Plaintiff,

v.                                        No. 18-CV-0722-KG/SMV

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## SUMMARY ORDER RESULTING FROM PRETRIAL CONFERENCE

This matter comes before the Court on the following pretrial motions and other matters:

- Defendant's Objections to Plaintiff's Deposition Designations (Doc. 115), filed February 28, 2022.

- Defendant's Second Amended Exhibit List (Doc. 118), filed February 28, 2022.

- Plaintiff's Exhibit List (Doc. 85), filed January 14, 2022, and Plaintiff's Amended Exhibit List (Doc. 119), filed February 28, 2022.

- Plaintiff's Omnibus Motion *in Limine* (Doc. 87), filed January 14, 2022.

On March 3, 2022, The Court held a Pretrial Conference at which the Court provided counsel with its rulings on the motions and other filings. Present at the hearing were Plaintiff's attorneys Jeffrey W. McElroy and Carlos Gomez Baca Jr., and Defendant's counsel, Lawson Stiff. Also present via videoconference was Defendant's counsel John S. Stiff.

Having considered the above motions and other filings, and the argument of counsel, the Court finds and concludes the following, for the reasons stated on the record and elaborated herein:

    1.    Defendant made two objections to Plaintiff's anticipated trial depositions. (Doc. 115). The first objection was to Dr. Annabi's testimony about reasonable and necessary medical

1

bills related to steroidal injections based on a lack of foundation. Noting that Plaintiff agreed to excise the portion of the deposition in question, the Court sustains the objection without prejudice.

The second objection was to Dr. Annabi's testimony that Las Palmas Medical Center's parent company won an award for ethics, on the ground that it was irrelevant and was hearsay. Noting that Plaintiff agreed to excise that portion of the deposition testimony, the Court sustains the objection without prejudice.

2.  Plaintiff raised an oral objection to a portion of the deposition of her own witness, Dr. Velimirovic. According to Plaintiff, Defendant cross-examined Dr. Velimirovic about a past disciplinary record related to proper record keeping, found at 43:10–45:20 of the deposition transcript. Plaintiff argued the question and answer was overly prejudicial under Federal Rule of Evidence 403. Defendant contended the testimony was permitted by Rule 801(d)(1).

The Court finds that neither Rule 613 (impeachment with prior statements) nor 801 (exception to rule against hearsay) apply here nor support admission. Even so, the Court determines that the testimony does bear materially on the core issue of whether the surgery was necessary and reasonable to treat injuries caused by the car accident in question. Applying Rule 403, the Court further concludes the testimony's probativeness outweighs any concern about unfair prejudice to the Plaintiff. Rather, the evidence is best left to the jury to determine its weight and Dr. Velimirovic's credibility.

3.  Related to proposed expert testimony to be conducted via live videoconference, the Court notes the parties stipulated to allow Plaintiff's witness Dr. Hashish and Defendant's witness Dr. Romanelli to testify at their appointed times even if that puts the presentation of

evidence out of the normal order. The parties will notify the Court of any necessary instructions to the jury.

4. Plaintiff made oral objections to Defendant's Amended Exhibit List (Doc. 118). The Court notes Plaintiff's objection to Defendant's Exhibits 10 and 11 related to foundation, and they were not preadmitted. The Court admits the remainder of Plaintiff's exhibits without objection—that is, exhibits 1 through 9 and 12 through 18 are admitted.

5. Defendant made oral objections to Plaintiff's Exhibits (Docs. 85 and 119). Defendant objected that Exhibit M was too lengthy to be helpful to the jury. The Court agrees, but hearing no objection to the substance of the exhibit, the Court admits Exhibit M. After the presentation of the evidence, the parties will confer and reduce Exhibit M to only that which is referenced at trial or is otherwise necessary for the jury. The Court also ruled that Exhibits V through Z are admitted, but shall not be submitted to the jury.

6. Plaintiff filed an Omnibus Motion *In Limine* (Doc. 87). The Court denies the Motion without prejudice for being unripe. Plaintiff may re-raise any issue as it becomes relevant at trial.

7. The Court asked the parties if they would stipulate to a less-than unanimous jury verdict per Federal Rule of Civil Procedure 48(b). Defendant stated it would not stipulate. The Court thus rules the jury verdict must be unanimous.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE