IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUZANNE ROCKWELL,

    Plaintiff,

v.                                              No. 18-CV-0722-KG/SMV

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## SUMMMARY ORDER

At the close of trial, but before jury deliberations began, the Court excused Juror 1 for cause. Plaintiff Suzanne Rockwell objected to the excusal, arguing the decision prejudiced her. For the reasons stated on the record at trial and further explained here, the Court overrules that objection.

I.    *Background*

During *voir dire* of the jury panel, Juror 1 reported a potential schedule conflict because of a trip scheduled to begin the day after trial was scheduled to end. Juror 1 did not, however, report any other conflicts, problems, or biases, in response to any *voir dire* questions from the Court or either party. Juror 1 was neither excused nor struck in the normal course, and subsequently was selected to the jury.

After the jury was seated and sworn in, the Court asked if any jurors had any questions. Juror 1 again raised her concern that she had an unavoidable conflict and then continued to state that she had a bias in the case because her sister had been in a similar situation with an insurance company as the Plaintiff. After argument from both parties, the Court declined to excuse Juror 1 at that time.

1

Though the Court may not have stated it on the record at the time, it reasoned that with only eight jurors seated, it risked falling below the minimum required six if it began excusing jurors that were selected. This case had already been delayed due to COVID, and it was in the interest of justice and efficiency to proceed with eight jurors.

On the fifth day of trial, and after closing arguments, the Court conducted further *voir dire* of Juror 1, on the record and in the presence of both parties. Plaintiff Suzanne Rockwell objected to re-raising the issue, arguing the Court had already determined that the juror could remain.

Asked to elaborate on her previous comments, Juror 1 stated her sister had been in a car accident and had fought with her insurance company to receive treatment, so she was sympathetic to the Plaintiff's situation in the instant case. She also stated that her family did not believe in suing people. When asked, she further stated that she failed to raise the issue during the original *voir dire* because she thought she would receive a private *voir dire* with the Court after raising her schedule conflict—something the Court never conducted.

After the Court's *voir dire*, Ms. Rockwell withdrew her objection to the further questioning of Juror 1. Defendant State Farm renewed its motion to excuse Juror 1 for cause. Defense counsel argued that had he known of this bias previously, he would have exercised a peremptory strike on Juror 1. Plaintiff's counsel argued that excusing Juror 1 would prejudice Ms. Rockwell because he had already changed his trial strategy and tactics specifically for Juror 1, in particular by speeding up his presentation of evidence to accommodate her conflict. The Court was persuaded to excuse Juror 1 and Ms. Rockwell objected. The Court overrules that objection.

*II.    Discussion*

Federal Rule of Civil Procedure 47(c) allows the Court to excuse a juror during trial, or even during deliberations, for "good cause." The court enjoys considerable discretion to find good cause and may do so for all manner of reasons. *See e.g.*, *Bostick v. State Farm Mut. Auto. Ins. Co.*, 774 F. App'x 600, 604 (11th Cir. 2019) (finding good cause to excuse juror during deliberations where juror intimidated other jurors and used racial epithets); *United States v. Hodge*, 933 F.3d 468, 481 (5th Cir. 2019), as revised (Aug. 9, 2019) (affirming excusal of juror for lack of candor and refusal to follow Court's instructions); *United States v. Abbell*, 271 F.3d 1286, 1302–1304 (11th Cir. 2001) (upholding removal based on a juror's refusal to consider the evidence or to discuss the applicable law); *Interpool Ltd. v. Patterson*, 874 F. Supp. 616 (S.D.N.Y. 1995) (upholding own decision to excuse a juror on the seventh day of trial, before the close of evidence, when the juror became angry about missing a scheduled trip); *United States v. Smith*, 550 F.2d 277, 285–286 (5th Cir. 1977) (holding, in criminal case, no error in excusing jurors who napped throughout trial); *United States v. Zambito*, 315 F.2d 266, 269 (4th Cir. 1963) (upholding, in criminal case, removal of juror who admitted that he had not told the truth on *voir dire* examination.); *Gillars v. United States*, 182 F.2d 962, 980 (D.C. Cir. 1950) (upholding excusal of juror in criminal case who failed to answer question during *voir dire* but after being selected to jury disclosed that she would be unable to render a fair and impartial verdict because of her opposition to the death penalty).

Procedurally, the Court also has discretion to independently investigate whether excusal is merited. *See, e.g.*, *Bostick v. State Farm Mut. Auto. Ins. Co.*, 774 F. App'x 600, 604 (11th Cir. 2019) ("When determining whether sufficient cause exists to dismiss a juror, the district court

has broad discretion to dictate the scope of its investigation and to decide whether to interview jurors."). Courts should, however, conduct any such investigation "in a hearing with all interested parties permitted to participate"—which occurred here. *Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).

The Court concludes there is good cause to excuse Juror 1. The Court notes that it found Juror 1 sincere and contrite. Nonetheless, Juror 1 failed to exercise candor with the Court and parties during *voir dire*, eventually disclosed multiple biases bearing on the facts of the case and bringing into question her ability to render an impartial verdict, and in doing so deprived the parties of the opportunity to move to excuse or strike her from the jury.

The Court is unpersuaded that Ms. Rockwell is prejudiced by the excusal. In the first instance, Juror 1 expressed biases which could possibly affect both parties. And given that the trial finished on its last scheduled day, the Court finds it unlikely that the attorneys sped up their cases specifically to accommodate Juror 1's travel plans.

Ms. Rockwell objected to Juror 1's excusal, and the Court overrules that objection for the reasons stated on the record and further explained here.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE