## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**SUZANNE ROCKWELL,**

      **Plaintiff,**

**v.**                                **No. 18-CV-0722-KG/SMV**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

      **Defendant.**

### PRETRIAL ORDER[1]

      This matter is before the Court pursuant to Fed. R. Civ. P. 16.  The parties conferred and submit the following Pretrial Order.

### I.  APPEARANCES

Attorneys who will try this action:

      For Plaintiff(s)                       **Jeffery W. McElroy**
                                      **Lovett Law Firm**
                                      **619 Arizona Ave.**
                                      **El Paso, Texas 79902**
                                      **(915) 757-9999**

      For Defendant(s)                   **John S. Stiff**
                                          **Stiff, Garcia & Associates, LLC**
                                      **500 Marquette Ave., NW, Suite 1400**
                                      **Albuquerque, NM 87102**
                                      **505-243-5755**

---

[1] Because this Order is entered post-verdict, and after entry of pre-trial orders, the Court has made certain edits where appropriate. They are noted and explained in footnotes.

1

## II.  JURISDICTION AND RELIEF SOUGHT

**A.**    **Subject Matter Jurisdiction.**

    **1.**    **Was this action removed or transferred from another forum?**

        __X__ Yes ___ No

    If yes, was the action removed or transferred?

__X__ Removed         _____ Transferred _____ Original forum

    **2.**    **Is subject matter jurisdiction of this Court contested?**

__X__ Uncontested     _____ Contested     _____ Party contesting

    **3.**    **Asserted basis for jurisdiction.**

_____ Federal Question    __X__ Diversity _____ Other

Statutory Provision(s) Invoked: _____28 US Code, Sec. 1332_____

**B.**    **Personal Jurisdiction and Venue.**

    **1.**    **Is personal jurisdiction contested?**

__X__ Uncontested     _____ Contested

Identify the party contesting personal jurisdiction and basis for objection:

_____

    **2.**    **Is venue contested?**

__X__ Uncontested    _____ Contested _____ Party Contesting

Identify the party contesting personal jurisdiction and basis for objection:

_____

**C.**    **Are the proper parties before the Court?**

__X__ Uncontested    _____ Contested

If contested, identify each missing party or improper party and the basis for contention:

_____

**D.     Identify the affirmative relief sought in this action.**

1.      Plaintiff seeks:  Recovery of her personal injury damages from Defendant pursuant to her underinsured motorist coverage with Defendant.

2.      Defendant seeks:  Dismissal of Plaintiff's case and award of reasonable costs.

3.      Other party seeks:  N/A

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**A.     Plaintiff's claims:** This is a car wreck case with date of loss October 29, 2014. Plaintiff Suzanne Rockwell was stopped on E. Lohman Avenue at the intersection of S. Campo Street in Las Cruces, New Mexico, waiting for traffic to clear when she was rear-ended by tortfeasor, Nohemi Gallegos, and pushed into a car in front of her. Ms. Nohemi Gallegos admitted to the police officer that she was not paying attention and further testified in her deposition that she was travelling at around 35 mph when she rear-ended the Plaintiff's vehicle. Nohemi Gallegos' insurance company tendered their policy limits of $25,000.00 to which State Farm gave their consent.

**Ms. Rockwell has $250,000 in underinsured motorist coverage with Defendant. Plaintiff seeks her $225,000 in underinsured motorist benefits from Defendant, after taking the underlying liability offset.**

**B.     Defendant's defenses:**  Defendant denies the claims of the Plaintiff and claims that the rear end collision forming the basis of this lawsuit was so slight that lasting personal injury could not have occurred, or, alternatively, must have been minor.  Defendant also contends that Plaintiff may have failed to mitigate her damages.  Defendant also contends that if the jury finds that the Plaintiff has sustained an injury, that this condition is a result of the natural progression of aging, the trauma of everyday life, one of her other motor vehicle accidents, or a pre-existing condition, illness, or disease. Defendant states that Plaintiff's recovery is barred by an independent and intervening act. Defendant denies that the Plaintiff's medical expenses are reasonable in amount or necessary as a result of the accident of October 29, 2014.

### IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A.     Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

3

- **Underinsured motorist claim**

- **The accident forming the basis of this lawsuit occurred on October 29, 2014 in Las Cruces, NM.**
- **Nohemi Gallegos was negligent.**
- **Plaintiff Rockwell may introduce the bills and the amounts of those bills for her medical care which is related to the accident to meet her burden of proof that the accident-related bills are reasonable and necessary. This stipulation is meant to simplify the presentation of the evidence. State Farm denies that Plaintiff Rockwell's care was reasonable in amount and necessary as a result of the accident and contends that the impact was so slight that it did not cause lasting personal injury.**

B.    **Contested Material Facts.**

1.    **Plaintiff's Contentions: Plaintiff's medical specials are $290,000.00. Plaintiff's carried underinsured motorist coverage with a policy of $250,000.00.**

2.    Defendant's Contentions:

Defendant contests the nature, extent, and duration of Plaintiff's claimed injuries. Defendant also denies that the claimed injuries are the result of the subject accident. Defendant also alleges that the Plaintiff has been involved in several motor vehicle accidents other than the subject one, any one of which could have caused her MRI findings. Defendant also asserts that the Plaintiff's MRI findings do not in and of themselves indicate a traumatic cause, and could easily be a result of congenital factors, the natural progression of preexisting conditions or of aging, or other factors not related to the subject accident. Plaintiff may have failed to mitigate her damages. Finally, Plaintiff claims $290,000 in bills but some of these bills are related to an abdominal surgery the Plaintiff had in 2017 or 2018 and in addition, the surgery that the Plaintiff had on her low back is not related to the present accident and is too remote.

3.    Contentions of Other Party:  N/A

## V.  APPLICABLE LAW

A.    **Do the parties agree which law controls the action?**

**X** Yes __ No

**If yes, identify the applicable law:** _____ New Mexico State Law _____

4

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

      1.     Plaintiff

      2.     Defendant

      3.     Other Party

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

      1.     Plaintiff:

      2.     Defendant:  None other than those implicit in the foregoing statement of the party's contentions.

      3.     Other Party:  N/A

## VII.  MOTIONS

**A.**     **Pending Motions (indicate the date filed):**

      1.     Plaintiff--Opposition to Defendant's Motion to take the Trial Deposition of Nohemi Gallegos filed on December 14, 2020.

      2.     Defendant:  Same[1]

      3.     Other Party:  N/A

**B.**     **Motions which may be filed:**

      1.     Plaintiff- Motion in Limine.

      2.     Defendant:  Motions in Limine regarding evidence of insurance, payment of bills in an amount less than what has been charged, summary of plaintiff's alleged medical bills, plaintiff's testimony as to the cause of her symptoms, evidence of other accidents.  Defendant may also file a Motion to have the jury trial heard in Las Cruces, since all of the witnesses in this case are in Las Cruces or El Paso, Texas.[2]

---

[1] COURT: Judge Vidmar having denied the Motion (Doc. 64) on July 26, 2021, (Doc. 71), this Court finds the Motion settled.

[2] COURT: According to the Court's Order filed December 22, 2021, (Doc. 78), the motions deadline passed January 14, 2022.

3.     Other Party:   N/A

Briefing must be complete and filed with the Court by _____.

## VIII.  DISCOVERY

**A.**     **Has discovery been completed?**  _X_   Yes  _____  No

If no, discovery terminates on _____.

**B.**     **Are there any discovery matters of which the Court should be aware?**

Plaintiff: Defendant's counsel would like to take the trial deposition of tortfeasor   and dismissed defendant, Noemi Gallegos. Plaintiff is opposed to this request as sufficient time has elapsed and the discovery timeframe has terminated. [3]

Defendant:

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.**     **Plaintiff's Witnesses:**

1.     Plaintiff will call or have available at trial the following witnesses:

Suzanne L. Rockwell
c/o Robert L. Lovett
Lovett Law Firm
619 Arizona Ave.
El Paso, TX 79902
915-757-9999
rlovett@lovettlawfirm.com

Plaintiff will testify concerning the occurrence in questions, injuries and damages related

---

[3] COURT: Judge Vidmar having denied the Motion (Doc. 64) regarding the same on July 26, 2021, (Doc. 71), the Court finds this issue settled.

6

to the occurrence.

Porter Rockwell
Krysta Rockwell
420 Rusty Spur
Lane
La Mesa, NM 88044
915-539-2533
Plaintiff's family members have relevant information regarding the facts and circumstances surrounding the accident and Plaintiff's injuries.


Officer Allen Thaddeus
Badge No. L789
Las Cruces Police Department
217 E Picacho Ave, Las Cruces, NM 88001
Phone: (575) 526-0795

Officer Thaddeus may testify concerning the investigation of the incident, investigation reports, documents and witnesses.

## **PLAINTIFF'S MEDICAL PROVIDERS:**

Teresa Correa Reyes, MD
Keith R. Johnson, MD
Stephen W. Untersee, DC
Helson Pacheco Serrant, MD
William F. Donovan, MD
Dr. Bradley Shepherd and
All treating physicians, technicians and custodian of the record from
Esperanza Medical and Wellness
2455 S. Telshor
Las Cruces, NM 88011
575-532-1334
Plaintiff's treating healthcare providers in possession of documentation and information regarding same. Specifically, Dr. Keith Johnson, Dr. Bradley Shephard and Dr. William Donovan are expected to testify that Plaintiff's injuries were caused by the motor vehicle accident at hand. Further, the aforesaid physicians are expected to testify that the treatment rendered to the Plaintiff by them for the injuries was reasonable and necessary treatment for the injuries sustained and will

7

further attest as to the medical billing being reasonable and necessary for the treatment rendered as well as the necessary expenses and for future medical care.

Felipe Lim, MD
James H. Algeo,
MD Gail Blakely,
MD Phoebe Dann,
MD and
All treating physicians, technicians and custodian of the record from
Sun View Imaging, LLC
2525 S. Telshor Blvd
Las Cruces, NM
88011 575-522-6236
Plaintiff's treating healthcare providers in possession of documentation and information regarding same.

All treating physicians, technicians and custodian of the record from
Assurex Health, Inc.
Dept Ch 19838
Palatine, IL 60055
888-496-2391
Plaintiff's treating healthcare providers in possession of documentation and information regarding same.

George Martin, MD and
All treating physicians, technicians and custodian of the record from
Southwest Neuro Spine Institute
1725 Brown
Street El Paso, TX
79902
Plaintiff's treating healthcare providers in possession of documentation and information regarding same. Further, Dr. Martin is expected to testify that the Plaintiff's injuries were caused by the motor vehicle accident at hand. Further, Dr. Martin is expected to testify that the treatment rendered to the Plaintiff by him for the injuries was reasonable and necessary treatment for the injuries sustained and will further attest as to the medical billing being reasonable and necessary for the treatment rendered as well as the necessary expenses and for future medical care.

Dr. Hector Pacheco and
All treating physicians, technicians and custodian of the record from
Sierra Providence Neuroscience and Orthopedic Associates
125 W. Hague Road, Suite
120 El Paso, TX 79902
915-577-1961
Plaintiff's treating healthcare providers in possession of documentation and information regarding same. Further, Dr. Pacheco is expected to testify that the Plaintiff's injuries were caused by the motor vehicle accident at hand. Further, Dr. Pacheco is expected to testify that the

treatment rendered to the Plaintiff by him for the injuries was reasonable and necessary treatment for the injuries sustained and will further attest as to the medical billing being reasonable and necessary for the treatment rendered as well as the necessary expenses and for future medical care.

All treating physicians, technicians and custodian of the record from
Dr. Jeffery Annabi
Dr. Michael H. Annabi
4930 Osborne Dr., Suite
A El Paso, TX  79922
915-584-9800
Plaintiff's treating healthcare providers in possession of documentation and information regarding same. Dr. Michael Annabi is currently managing Plaintiff's continuing pain from the motor vehicle accident at hand and is expected to testify that Plaintiff's injuries were caused by the motor vehicle accident at hand. Further, Dr. Annabi is expected to testify that the treatment rendered to the Plaintiff by them for the injuries was reasonable and necessary treatment for the injuries sustained and will further attest as to the medical billing being reasonable and necessary for the treatment rendered as well as the necessary expenses and for future medical care.

All treating physicians, technicians and custodian of the record
from Las Palmas Campus of LPDS
1801 N. Oregon
El Paso, TX  79902
Plaintiff's treating healthcare providers in possession of documentation and information regarding same.

All treating physicians, technicians and custodian of the record from
Bratislav Velimirovic, MD
1400 George Dieter, Suite
110 El Paso, TX  79936
915-881-1900
Performed Plaintiff's back surgery and in possession of documentation and information regarding same. Dr. Velimirovic is expected to testify that Plaintiff's injuries and subsequent surgery, were caused by the motor vehicle accident at hand. Further, Dr. Velimirovic is expected to testify that the treatment rendered to the Plaintiff by them for the injuries was reasonable and necessary treatment for the injuries sustained and will further attest as to the medical billing being reasonable and necessary for the treatment rendered as well as the necessary expenses and for future medical care.

All treating physicians, technicians and custodian of the record from
Desert Pathology Services
PO Box 740968
Dallas, TX  75374
Plaintiff's treating healthcare providers in possession of documentation and information regarding same.

All treating physicians, technicians and custodian of the record from
Quest Diagnostics
4930 Osborne Drive, Suite
D El Paso, TX  79922-
1043
Plaintiff's treating healthcare providers in possession of documentation and information
regarding same.

All treating physicians, technicians and custodian of the record from
West Star Anesthesia Services, PA
5959 Gateway Blvd West, Suite
120 El Paso, TX  79925-3315
Plaintiff's treating healthcare providers in possession of documentation and information
regarding same.

All treating physicians, technicians and custodian of the record from
Timberlands Healthcare
PO Box 674168
Dallas, TX  75267-4166
Plaintiff's treating healthcare providers in possession of documentation and information
regarding same.

## PLAINTIFF'S RETAINED EXPERTS:

1. Dr. Benjamin T. Bjerke, MD, MS
   **Fellowship-Trained & Board Certified Spine Surgeon**
   255 W 400 N, Unit 4087
   Salt Lake City, UT
   84103 917-837-
   0302
   **SUBJECT MATTER:** Dr. Benjamin Bjerke is a Fellowship-Trained & Board
   Certified Spine Surgeon. Dr. Bjerke is anticipated to testify regarding his opinions
   as to the reasonableness and necessity of Plaintiffs conservative care, injections
   and surgery and those matters identified in his deposition and reports.

2. Rami Hashish, PhD, DPT
   Principal, Director,
   Biomechanics National
   Biomechanics Institute 606
   S. Olive St., Suite 1015
   Los Angeles, CA
   90014 1-855-277-
   3250
   **SUBJECT MATTER:** Rami Hasish, PhD, DPT is anticipated to testify regarding

his opinions as to the biomechanical analysis of the matter at hand and regarding those matters identified in his deposition and reports.

3.  Felix Lee, MS PE
    Director of Accident
    Reconstruction National
    Biomechanics Institute
    606 S. Olive St., Suite
    1015 Los Angeles, CA
    90014
    1-855-277-3250
    **SUBJECT MATTER:** Felix Lee, PhD, PE is anticipated to testify regarding his opinions as to the accident reconstruction of the matter at hand and regarding those matters identified in his deposition and report.

**B.    Defendant's Witnesses:**

1.    Defendant Will Call:

      Naomi Gallegos:  Regarding the subject collision.

2.    Defendant May Call:

      Bryan Rockwell:  He may testify about his ex-wife's injuries and the subject

      accident forming the basis of the present lawsuit.

      Jason Cicero: Progressive Insurance adjuster for the property damage claim

      asserted by Ms. Rockwell.

**RETAINED EXPERTS:**

1.    Daniel A. Romanelli, M.D.
      Rime Forensic Medicine
      675 Avenida de Mesilla
      Las Cruces, NM  88005
      (575) 525-3535 Ext. 130

Dr. Romanelli is a Board-Certified Orthopedic Surgeon and Board-Certified Sports Medicine Specialist.  Dr. Romanelli's written report, CV (includes publications), deposition and trial testimony log, and liability fee policy will be provided to Plaintiff's counsel of record upon filing of this pleading with the Court.

Dr. Romanelli is anticipated to testify regarding his opinions as stated in his report, and to respond to the anticipated testimony of Plaintiff's treating physicians.

2.      Lindsay M. Oleson, Senior Consultant
Biomechanical Engineer
Rimkus Consulting Group, Inc.
1661 East Camelback Road, Suite 124
Phoenix, Arizona 85016
(480) 407-9700

Ms. Lindsay M. Oleson holds a degree in Bioengineering and ACTAR accreditation as a traffic accident reconstructionist. Ms. Oleson's primary areas of consulting expertise include vehicle accident reconstruction, injury causation biomechanics, and driver behavior/human factors. Ms. Oleson's written report, CV (includes publications), deposition and trial testimony log, and terms and conditions will be provided to Plaintiff's counsel of record upon filing of this pleading with the Court.

Ms. Oleson is anticipated to testify regarding her opinions as stated in her report, and to respond to the anticipated testimony of Plaintiff's treating physicians.

3.      Richard V. Baratta, Ph.D., Senior Vice President
Biomechanical Engineer
Rimkus Consulting Group, Inc.
1661 East Camelback Road, Suite 124
Phoenix, Arizona 85016
(480) 407-9700

Dr. Richard V. Baratta holds a degree in Bioengineering and ACTAR accreditation as a traffic accident reconstructionist. Dr. Baratta co-authored the report in this matter with Ms. Oleson. Dr. Baratta's written report (co-authored with Ms. Oleson), CV (includes publications), deposition and trial testimony log, and terms and conditions will be provided to Plaintiff's counsel of record upon filing of this pleading with the Court.

Dr. Baratta may testify regarding the opinions as stated in the report, and to respond to the anticipated testimony of Plaintiff's treating physicians.

4.      S. Robert Bob Hurwitz, MD
8805 Jeffreys Street, #2014
Las Vegas, NM 89123
(949) 422-1453

Dr. Hurwitz is board certified since 1974 in Internal Medicine, since 1976 in Nuclear Medicine, and since 1978 in Radiology. Dr. Hurwitz's written report, CV (includes publications), deposition and trial testimony log, and charges for this matter will be provided to Plaintiff's counsel of record upon filing of this pleading with the Court.

Dr. Hurwitz is anticipated to testify regarding his opinions as stated in his report, and to respond to the anticipated testimony of Plaintiff's treating physicians.

**INVESTIGATING POLICE OFFICER WHO HAS RELEVANT TESTIMONY AND WHOSE TESTIMONY MAY FALL INTO REALM OF EXPERT WITNESS:**

5.       Officer Thaddeus Allen, I.D. L789
         Las Cruces Police Department
         217 E. Picacho Avenue
         Las Cruces, NM  88001
         (575) 526-0795

Officer Thaddeus Allen with Las Cruces Police Department may testify regarding his investigation of the accident as well as information learned as a result of speaking with the individuals involved at the accident forming the basis of this litigation.

**TREATING PROVIDERS WHO HAVE RELEVANT TESTIMONY AND WHOSE TESTIMONY MAY FALL INTO REALM OF EXPERT WITNESS:**

6.       Michael H. Annabi, M.D.
         The Clinic
         4930 Osborne Drive, Suite A
         El Paso, Texas  79922
         (915) 587-9455

Dr. Michael H. Annabi may testify as to the treatment Plaintiff received as well as opinions, history and treatment contained in notes regarding the examination and course of treatment for Plaintiff Suzanne Rockwell.

7.       Alan J. Karp, MD
         El Paso Gastroenterology Consultants PA
         125 West Hague Street, Suite 590
         El Paso, Texas  79902
         (915) 532-1620

Dr. Alan J. Karp may testify as to the treatment Plaintiff received as well as opinions, history and treatment contained in notes regarding the examination and course of treatment for Plaintiff Suzanne Rockwell.

8.       Jeffrey Annabi MD
         7411 Remcon Circle, Suite B1
         El Paso, Texas  79912
         (915) 584-9800

Dr. Jeffrey Annabi may testify as to the treatment Plaintiff received as well as opinions, history and treatment contained in notes regarding the examination and course of treatment for Plaintiff Suzanne Rockwell.

9.  Henry Garcia MD
    Las Palmas Medical Center
    1801 N. Oregon Street
    El Paso, Texas  79902
    2540 S. Telshor Blvd., Bldg. B
    (915) 521-1200

Dr. Henry Garcia may testify as to the treatment Plaintiff received as well as opinions, history and treatment contained in notes regarding the examination and course of treatment for Plaintiff Suzanne Rockwell.

10. Brion Gluck MD
    Providence Women Health Partners
    9870 Gateway Blvd., North, Suite B1
    El Paso, Texas  79924
    (915) 577-9900

Dr. Brion Gluck may testify as to the treatment Plaintiff received as well as opinions, history and treatment contained in notes regarding the examination and course of treatment for Plaintiff Suzanne Rockwell.

11. Any expert witnesses who have been deposed.

12. Any expert or lay witnesses disclosed by Plaintiff.

13. Any rebuttal expert witnesses as necessary.

14. Any expert witnesses the necessity of which cannot be reasonably anticipated at this time.

15. Any expert witnesses identified or required as a result of further discovery, or that are listed in any pleading or order in this case.

Fact Witnesses that may be called:

    Yesenia F. Olivas
    P.O. Box 13286
    Las Cruces, New Mexico  88013
    (505) 635-6810

Yesenia F. Olivas may testify regarding the purchase of Plaintiff's vehicle on April 25, 2017, the condition of the vehicle, any other accidents, and any disclosure of damage prior to purchase by seller.

> Nohemi Gallegos
> 5006 Vista De Tierra
> Las Cruces NM 88012

Regarding facts of the accident as stated in her deposition.

> Jason Cicero
> Progressive Northern Insurance Company

Regarding the property damage appraisal he completed on the vehicle driven by the plaintiff at the time of the accident, with damages totaling $1,328.73 as a result of the impact. He is expected to testify to his observations to the damages he observed during his appraisal to the front and the rear of Ms. Rockwell's vehicle

> Officer Connie Heard
> Las Cruces Police Department

Regarding the accident that occurred on May 26, 2013 as documented on the police report of that date

> Officer Mannie Sanchez
> Las Cruces Police Department

Regarding the accident of November 7, 2016 as documented on the police report of that date.

> Bryan Rockwell

Regarding the injuries claimed by the plaintiff and the property damages to the 2012 Ford Fiesta.

Necessary record custodians to admit any document or tangible thing whose admission is sought by the Defendant.

Lawrence Contreras, adjuster for Progressive Insurance, who took Plaintiff's recorded statement on November 2, 2014.

Progressive Insurance record custodian regarding the claim file, including photographs and the recorded statement of the plaintiff.


## X.  TRIAL PREPARATION

A.    **Exhibits.**

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" ~~no later than 30 calendar days before trial~~.[4]

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than **15** calendar days before trial.  Each party's contested exhibit list must be filed on the date identified in the preceding paragraph.      All exhibits must be marked before trial.  Exhibits must be marked numerically and identify the party offering the exhibit.  The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.      Witness Lists.**

Each party's witness list must be filed with the Clerk and served on all parties ~~by 30 calendar days prior to the scheduled trial date~~.[5]  Indicate whether the witness is testifying by deposition or in person.  Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list.  The objecting party must mark those portions of the requested deposition testimony to which the party objects.  Marking must comply with D.N.M.LR-Civ. 10.6.  The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing ~~at least 14 days before trial~~.[6]

---

[4] COURT: For appropriate deadlines please see the Court's Notice of Civil Jury Trial (Doc. 75), amended by Order Granting Motion to Extend (Doc. 78).
[5] COURT: For appropriate deadlines please see the Court's Notice of Civil Jury Trial (Doc. 75), amended by Order Granting Motion to Extend (Doc. 78).
[6] COURT: For appropriate deadlines please see the Court's Notice of Civil Jury Trial (Doc. 75), amended by Order Granting Motion to Extend (Doc. 78).

**C.**     **Voir Dire.**

    1.     If allowed, do the parties wish to participate in voir dire?

       Plaintiff            **X** Yes  __ No

       Defendant        X Yes  __ No

       Other Party       N/A

    2.     Each party wishing to participate in voir dire must serve on all parties and file with the Clerk a pleading entitled "Proposed Voir Dire Questions." The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed voir dire questions. ~~This request must be filed at least **5 calendar days** prior to jury selection.~~[7]

**D.**     **Jury Instructions and Verdict.**

    **1.**     **In General.** The parties must confer about proposed jury instructions. The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given. The stock instructions are available from the Court's web site. The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

    **2.**     **Sources for Instructions.** If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

---

[7] COURT: For appropriate deadlines please see the Court's Notice of Civil Jury Trial (Doc. 75), amended by Order Granting Motion to Extend (Doc. 78).

3.      **Submission of Proposed Instructions.**  The parties must submit one mutually

approved set of jury instructions ~~no later than **5 calendar days** before trial~~.[8]  For those

instructions the parties were unable to agree upon, each party must submit its own proposed

instructions at the same time as submission of the mutually agreed instructions.

4.      **Form of Instructions.**

a.      Submit sets of double-spaced instructions as follows:

~~____ set(s) of originals without citations and headed "Instruction No. ____";~~[9] and

____ set(s) with citations and numbered accordingly, one of which will be filed.

b.      If requested, also submit all instructions in a format compatible with

MS Word.  Please refer to the procedures, available on our web site, for

electronically submitting proposed text.

c.      Submit no more than one instruction to a page.

d.      All deviations from pattern instructions must be identified as "modified" in

the citation and the modification must be highlighted in the body of the instruction.

e.      Submit a cover sheet on all sets of instructions.

5.      **Deadlines for Submitting Instructions**.

a.      ~~Instructions shall be filed **5 calendar days** before trial~~.[10]

b.      Supplemental unanticipated jury instructions may be submitted at trial.

E.      **Statement of Case.**

---

[8] COURT: For appropriate deadlines please see the Court's Notice of Civil Jury Trial (Doc. 75), amended by Order Granting Motion to Extend (Doc. 78).
[9] COURT: For appropriate instructions please see the Court's Notice of Civil Jury Trial (Doc. 75).
[10] COURT: For appropriate deadlines please see the Court's Notice of Civil Jury Trial (Doc. 75), amended by Order Granting Motion to Extend (Doc. 78).

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection.  ~~The statement must be submitted to the Court **10 days before jury selection.**[11]~~

**F.     Submission for Bench Trials.**

1.      The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than **10 calendar days before trial**.  For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

2.      If requested, submit the findings of fact and conclusions of law in a format compatible with MS Word.  Please refer to the procedures, available on our web site, for electronically submitting proposed text.


## XI. OTHER MATTERS

**A.     Settlement Possibilities.**

1.      The possibility of settlement in this case is considered:

___X___ Poor _____ Fair _____ Good _____ Excellent ____ Unknown

2.      Do the parties have a settlement conference set with the assigned Magistrate Judge?

**X**_Yes _____ No   If yes, when? **Settlement conference was held with Judge Vidmar on June 29, 2020.**

---

[11] COURT: For appropriate deadlines please see the Court's Notice of Civil Jury Trial (Doc. 75), amended by Order Granting Motion to Extend (Doc. 78).

If a settlement conference has already been held, indicate approximate date:

__June 29, 2020_____

Would a follow-up settlement conference be beneficial? _____ Yes **X** No

3.      Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

If yes, please identify: _____

If no, explain why not: _____Previous mediation was unsuccessful, and parties have not modified their positions._____

**B.      Length of Trial and Trial Setting.**

1.      This action is a _____ Bench Trial **X** Jury Trial _____ Both

2.      The case is set for trial on ___March 7, 2022_____. If there is no setting, the parties estimate they will be ready for trial by _____.

3.      The estimated length of trial is **4-5** day(s).


**XII. EXCEPTIONS**

Plaintiff:      None at this time

Defendant:      None at this time.


**XIII. MODIFICATIONS-INTERPRETATION**

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval.  The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this 21st day of January 2022.

20

*Email approval 1/21/2022*

*Attorney for Plaintiff*
**Robert L. Lovett**
**Lovett Law Firm**
**619 Arizona Ave.**
**El Paso, Texas 79902**
**(915) 757-9999**
**rlovett@lovettlawfirm.com**


*/s/ John S. Stiff*

*Attorney for Defendant*
**John S. Stiff**
**Stiff, Garcia & Associates, LLC**
**500 Marquette Ave., NW, Suite 1400**
**Albuquerque, NM 87102**
**505-243-5755**
**jstiff@stifflaw.com**


Dated: _____15 March 2022_____

_____
UNITED STATES DISTRICT JUDGE