IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUZANNE ROCKWELL,

    Plaintiff,

v.                                                                          No. 18-CV-0722-KG/SMV

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court *sua sponte*. On March 11, 2022, the jury in this case returned a verdict for $60,000.00 in damages. (Doc. 131). The Court is presented questions about the calculation of the final judgment. At the pre-trial conference, for example, Plaintiff Suzanne Rockwell raised the argument that the underinsured motorist insurance offset found in NMSA § 66-5-301(B) and *Schmick v. State Farm Mut. Auto. Ins. Co.*, 1985-NMSC-073, does not apply to this case given the New Mexico Supreme Court's recent decision in *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001.

The Court held a telephonic status conference to hear brief argument from the parties on March 17, 2022. (Doc. 136). There, the parties indeed argued the applicability of *Crutcher*, and additionally raised the issue whether prejudgment interest applies to this case.

Having considered the argument of the parties and the applicable New Mexico Supreme Court decisions, the Court finds that the rule announced in *Crutcher* does not apply to this case. *Crutcher* presented the New Mexico Supreme Court the question "whether the underinsured motorist (UIM) coverage on a policy that provides minimum uninsured/ underinsured motorist (UM/UIM) limits of $25,000 per person/$50,000 per accident is illusory for an insured who

1

sustains more than $25,000 in damages caused by a minimally insured tortfeasor." 2022-NMSC-001, ¶ 1. The Supreme Court answered that question by holding that

> UM/UIM coverage at the minimum level is permitted because the law not only allows, but requires, it to be sold as was done so here. However, such coverage is illusory because it is misleading to the average policyholder. As such, we will now require every insurer to adequately disclose the limitations of minimum limits UM/UIM policies[.]

*Id.* at ¶ 33.

That holding does not apply to the facts of the instant case because Ms. Rockwell did not carry a minimum policy. In fact, her $250,000 UM/UIM policy far exceeds minimum coverage and allows for a recovery beyond the offset. More fundamentally, the Court concludes the offset is still operative because the *Crutcher* decision did not disturb the offset rule enshrined in the statute and affirmed in *Schmick*. Thus, the Court finds that Defendant State Farm is entitled to a $25,000 underinsured motorist offset per *Schmick*. Judgment shall be for $35,000.

The applicability of interest and its value, however, is yet to be determined. The parties are ordered to submit briefing on the issue of pre-judgment interest, taking into account NMSA § 56-8-4(B). Ms. Rockwell shall file a brief by **Friday, April 1, 2022**, and State Farm shall respond by **Friday, April 15, 2022**.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

2