IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUZANNE ROCKWELL,

    Plaintiff,

v.                                                  No. 18-CV-0722-KG/SMV

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## ORDER AWARDING PREJUDGMENT INTEREST

This matter is before the Court on Plaintiff Suzanne Rockwell's oral motion for prejudgment interest, made March 17, 2022, during a telephonic conference. (Doc. 136). The Court subsequently ordered briefing, and both parties timely filed briefs on the matter. (Docs. 138 and 139). Having considered the briefing and the applicable law, the Court grants the Motion. The Court orders that Ms. Rockwell be awarded 5% interest on her post-offset recovery from June 27, 2018, until the verdict.

This case was originally filed in state court on October 3, 2017. (Doc. 1-1) at 2. The tortfeasor, Ms. Gallegos, settled and was dismissed from the case June 26, 2018. *Id.* at 3. State Farm, the remaining defendant, subsequently removed the case to federal court July 26, 2018. The parties extended discovery deadlines six times, but nonetheless, trial probably could have been in late 2020 or early 2021. Instead, because of COVID, trial took place March 7, 2022, to March 11, 2022. In short, the litigation was long.

Some settlement negotiations took place during litigation. Ms. Rockwell made an offer to settle in March 2019 for her policy limits minus the offset—$225,000. (Doc. 138) Exh. F; (Doc. 139) Exh. E. She presented at the time $291,000 in claimed medical bills. (Doc. 138)

1

Exh. F.  State Farm responded that it believed she had already been fully compensated by the $25,000 from the tortfeasor and $10,000 paid by State Farm for medicals because her injuries were minor.  (Doc. 138) Exh. G; (Doc. 139) Exh. F.  Ms. Rockwell renewed her settlement offer for the same amount, $225,000, on June 9. 2020.  (Doc. 138) Exh. H; (Doc. 139) Exh. G.  State Farm responded on June 19, 2020, by offering an additional $6,500 (for a total of $41,500 accrued by Ms. Rockwell).  (Doc. 138) Exh. I; (Doc. 139) Exh. H.  After trial, the jury verdict was for $60,000 total, or $35,000 owed by State Farm post-offset.  (Docs. 131, 137).

State law authorizes prejudgment interest up to ten percent from the date the complaint is served upon the defendant.  NMSA § 56-8-4(B).  The law directs courts to consider, "among other things:" (1) "if the plaintiff was the cause of unreasonable delay" and (2) "if the defendant had previously made a reasonable and timely offer of settlement." *Id.*  New Mexico courts find that an award of prejudgment interest is discretionary, and its purpose is to "foster settlement and prevent delay in all types of litigation." *Pub. Serv. Co. of New Mexico v. Diamond D Const. Co.*, 2001-NMCA-082, ¶ 52.  Additionally, interest should be awarded to compensate a person—to "make the tort victim whole"—and "has no bearing on the question of punishing" the defendant. *Morga v. Fedex Ground Package Sys., Inc.*, 2018-NMCA-039, ¶ 48 (quoting *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 55).

Here, the parties agree that Ms. Rockwell was not the cause of unreasonable delay, *generally* (Docs. 138 & 139), so the inquiry focuses on whether State Farm made reasonable offers to settle as well as the unique COVID-related delays in this case.  Ms. Rockwell requests the full 10% in interest, arguing that given her $291,000 in claimed medical bills, State Farm's offers of nothing and $6,500 were clearly unreasonable.  (Doc. 138) at 4–5.

State Farm requests no interest be awarded, arguing it had a reasonable view of the case considering that the complex facts, doubts about causation, and the eventual jury verdict. (Doc. 139) at 4–9. State Farm also contends that charging it interest for the full length of the nearly five-year case would be unjust given that delay was caused by COVID, not by Defendant. *Id.* at 9–10. In the alternative, State Farm urges an award of between 5- and 8-percent interest, only on the $35,000 post-offset, and only from the date that the tortfeasor was dismissed in 2018.

The Court, in its discretion, awards 5% interest on $35,000 since June 27, 2018. On the one hand, given that the eventual jury verdict was much less than the total medical bills, State Farm's view that the facts did not support Ms. Rockwell's demand is not clearly unreasonable. For this reason, the full 10% is not justified. On the other hand, State Farm's refusal to offer above $6,500 given the magnitude of a potential jury verdict and the complex and unclear facts of the case manifests a determination to try the case rather than attempt to settle for some amount between $6,500 and $225,000. If the purpose of interest is to promote settlement, some amount is merited.

The length of the case, and the delay caused by COVID, is a consideration. Because the analysis focuses on compensating the victim rather than unfairness to the defendant, the Court reasons that the delay weighs in favor of Ms. Rockwell. Given her long wait for remuneration and given the amount of inflation (and decrease in the value of money) she has witnessed, some interest is justified.

Finally, the Court is persuaded by State Farm that it should only be charged interest from the time it became the sole defendant—June 2018—and only on the money it owes—the $35,000 judgment post-offset.

Five percent simple interest on a principal balance of $35,000 for 3.75 years (June 2018 to March 2022), calculated as [35000 x (.05 x 3.75)] totals **$6,562.50**.

Therefore, Plaintiff's recovery is calculated as follows:

| | |
|---|---|
| Jury Verdict | $ 60,000.00 |
| Offset | $ (25,000.00) |
| Principal award | $ 35,000.00 |
| Prejudgment Interest | $   6,562.50 |
| Total | $ 41,562.50 |

The Court will separately enter a final judgment.

IT IS SO ORDERED.

                                                                                     _____
                                                                                     UNITED STATES DISTRICT JUDGE